[Civ. No. 5427. Fourth Dist. Sept. 26, 1956.]

ARTHUR E. PRINCE, Respondent, v. IRENE PRINCE VARONA, Appellant.

Herbert W. Simmons, Jr., for Appellant.

George R. Kirk for Respondent.

BURCH, J. pro tem.*—Defendant appeals from a decree quieting title in plaintiff to certain real property in the city of El Centro, County of Imperial, State of California, described as follows:

"The South 60 feet of the West 160 feet of Lot 10, Block 6, Second Addition to the City of El Centro, excepting therefrom the South 10 feet of the West 20 feet thereof?"

By a cross-complaint defendant sought a decree of partition, an accounting and for general relief.

The record indicates that the parties were married in 1924 and that a decree of divorce was granted defendant September 6, 1944, in Las Vegas, Nevada. On that date the parties owned the described property as tenants in common. The plaintiff has been in possession since the parties were divorced. At the time of the divorce there was no property settlement agreement or division of property in the decree. The parties also had owned real property in Pasadena, California, which was under contract of sale for $2,400 upon which there was an encumbrance of $660. The purchaser had paid down $500. The El Centro real property they valued at $2,300. There was a Chevrolet automobile, 1940 model, valued at $800. There was household furniture valued roughly at $800.

After the divorce the parties met in Pasadena and orally agreed to divide the property as follows: To the wife the contract of sale of the Pasadena property and the furniture, the wife to have the $500 down payment on the contract of sale and the husband to pay off an existing encumbrance of $660. The husband to have the El Centro real property and the automobile. The husband fully performed his part of this agreement. The wife refused, upon request, to deed her interest in the El Centro property to plaintiff.

There is some conflict upon the question of the oral agreement dividing the property and upon the values of the

*Assigned by Chairman of Judicial Council.

several pieces of property set off to each. However, the court found that the division of community and separate property in the oral agreement was fair and executed except that defendant refused to deed the legal title of the El Centro property to plaintiff. A decree was entered quieting plaintiff's title to the El Centro real estate against any and all claims of the defendant.

The sufficiency of the evidence to support the conclusion reached by the trial court is under attack. "In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent. . . . When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].) Under this rule it was for the trier of fact to determine whether or not a contract was proven from the facts and circumstances in evidence, "including of course, the conversations between the parties." (*Treadwell* v. *Nickel*, 194 Cal. 243, 261, 262 [228 P. 25].) In this case we have an executed oral agreement which transmuted the separate property of the wife to the husband upon a full and fair consideration. In *Woods* v. *Security-First Nat. Bank*, 46 Cal.2d 697 [299 P.2d 657], an antenuptial oral agreement to transmute the wife's separate property into community property became executed by the subsequent acts and conduct in confirmation of the agreement. The agreement in question there was like the agreement here controlled by the statute of frauds and was required to be in writing. (Civ. Code, § 1624, subds. 3, 4, 6; Civ. Code, § 1091.) As in the instant case, no transfers or instruments of conveyance were executed, but unlike the instant case, there was no delivery of possession. The court held that because the agreement was executed, the prohibitions of the above statutes did not control. "This is a clear case," says the court, "of an executed agreement which transmuted the property." (P. 707.) In the Woods case, *supra*, it was held that the mutual consent of the spouses furnished the consideration. In the present case the marriage was terminated at the time of the agreement and admittedly, the practice of informality in property dealings between spouses is not available to plaintiff. Nevertheless, the facts and circumstances bring this case within the rule of an executed oral agreement accompanied by delivery of possession which continued uninterrupted and uncontested for a period of some nine years. The agreement was fully supported

by consideration and all that remained to be done was to execute a deed to clear the record title.

The case of *Husheon* v. *Kelley*, 162 Cal. 656 at 662 [124 P. 231], cited by plaintiff, supports the judgment. In that case there was an oral agreement transferring real property and the court there said:

"But we think the findings, if construed, as they should be, in support of the judgment, do not set forth a case of an executory contract which has to be enforced, but rather one of an oral present transfer of a life interest, in consideration of certain promises upon the part of the grantee. . . .

"Where the conveyance is oral, instead of written, the case is not different, if there has been such part performance as to take the case out of the operation of section 1971 of the Code of Civil Procedure. There can be no doubt that the taking of possession by Kelley and the performance by him and his successors of the obligations of payment and improvement of the land, were sufficient to overcome the want of a written transfer. . . ."

It is said in 23 California Jurisprudence 2d, Frauds, Statute of, page 399, section 129: "An oral contract which has been fully executed is not affected by the provisions of the statute of frauds. . . . The rule applies even when full performance has been rendered by only one of the parties." (See *Flint* v. *Giguiere*, 50 Cal.App. 314, 320 [195 P. 85]; *Nicolds* v. *Storch*, 67 Cal.App.2d 8, 17, 18 [153 P.2d 561], and cases there cited.)

The court found the contract on sufficient evidence and that plaintiff fully performed his obligation thereon. It would, under the facts and circumstances of the case, be inequitable to allow the defendant, fully compensated under a fair agreement, to set up the bar of the statute of frauds.

The judgment is affirmed.

Griffin, Acting P. J., and Mussell, J., concurred.

A petition for a rehearing was denied October 23, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 21, 1956.